MOTION FOR'REHEARING
No. 413.
Decided June 11, 1942.
BY THE COURT:
This matter is now before the Court on a motion for rehearing and a separate motion for an order certifying the record of this case to the Supreme Court for the reason that the judgment, upon which this Court has agreed, is in conflict with the judgment of other Courts of Appeal upon the same question.
ON THE MOTION FOR REHEARING
Counsel for appellant has presented a very interesting brief in support of the motion for rehearing in which he insists most strenuously that our decision is erroneous for the several grounds which he presents and that it is in conflict with other decisions of Courts of Appeal. We feel, however, that while the argument of counsel elaborates the arguments presented and formerly considered by us, yet that it adds nothing new that invites us to depart from our former opinion in this case. It will not be necessary to take up in detail the reasons given by us in our former opinion and we, therefore, content ourselves with denying the application for rehearing.
Application for rehearing denied.
APPLICATION FOR CERTIFICATE OF CONFLICT
Inasmuch as counsel has joined with his application for rehearing his application for certification, we will pass upon that application in *41 the same decision with the application for rehearing.
This Court has had occasion to pass upon the Constitutional provision, Article IV, Section 6 providing for a certificate of conflict. Johnson, Appellee v Commission, Appellant, 61 Oh Ap, 535. We there held that before a motion to certify a conflict can be sustained, “it must appear that the judgment of the two courts have been pronounced upon the same question.” The Court in that case overruled the motion on the ground that the differentiation between the case then at bar and the case claimed to be in conflict was patent in that the facts were not the same and the Court concludes,
“We, therefore, are driven to the ■conclusion that there is, as a matter of fact, no ‘conflict’ between the two decisions and that the motion to certify a conflict must be overruled.”
We have given consideration to the alleged conflict with all the ■cases cited by counsel in determining the question on the application for rehearing on all questions relating to the interpretation of insurance policies upon which other courts have rendered judgment, and without further discussing those cases, we are of opinion that there is no conflict for the reason that the case at bar and the judgment of other Courts of Appeals, which are claimed to be in conflict, are not upon the same question, there being a manifest distinction between the' case at bar and the other cases alleged to be in conflict.
There is one point, however, that has not been as thoroughly discussed as the question presented merits. The insurance policy has the usual provision of policies, with some slight modification, that no action shall be brought unless within twelve months after the liability of the company has been determined.
Sec. 9510-4' GC provides in substance that upon the recovery of a final judgment against any person for bodily injury * * if the defendant in such action was insured against loss or damage at the time when the rights of action arose and if the judgment is not satisfied within thirty days after the judgment was rendered, the judgment creditor may file in the action in which said judgment was rendered a supplemental petition wherein the insurer is made a new party defendant in said action and thereafter the action shall proceed as to the insurer as in an original action at law.
In the case at bar, after judgment had been recovered, the plaintiff began an original action against the insurance company seeking to recover by virtue of the policy. To this action a demurrer was filed, which being sustained, the original action was dismissed and the plaintiff then proceeded under the present section to file a supplemental petition in said action. In the meantime more than a year had elapsed and the defense is now interposed to the effect that the policy provided that no action shall be maintained against the company to recover on any claim for any loss unless brought within twelve months after the loss shall have been ascertained by judgment in an action brought against the assured. It is urged that the petition was not filed and that the present supplemental action was not commenced within one year from, the date of the judgment.
To this answer of the defendant, the plaintiff replies that the judgment was entered on the 11th day of May, 1936, and within twelve months she filed her petition in another case seeking to recover *42 judgment from the company, to which petition a demurrer was filed and sustained on the 1st day of October, 1937, and that said action thereby failed “otherwise than upon its merits”; and that the plaintiff, within one year thereafter, filed her supplemental petition.
Sec. 11233 GC provides in substance that in an action commenced or attempted to be commenced * * * if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of failure has expired, the plaintiff may commence a new action within one year after such date.
The defendant asserts that the section has no application to a limitation provided in the contract, that it is exclusively for the purpose of extending the period of limitation which may be provided b?' statute and not by contract.
This Court held that such statute did apply and by virtue of its provisions, the time was extended so that the supplemental petition was filed within time, although more than a year after the determination of the liability of the defendant.
It is claimed by appellant that our holding in this matter is in conflict with the decision of the Court of Appeals for Hamilton County in the case of Rackle & Son v Western & Southern Indemnity Company, 54 Oh Ap 274, in which case the Court held that §11233 G€ applies only to actions not otherwise limited by periods affecting the right of action. It is also asserted that the judgment of this Court is in conflict with the judgment of the Court in Prudential Insurance Company v Howell, 19 C. C., 621, a decision by the Circuit Court of Appeals. It is admitted that this last decision can not be made the basis of a certification by reason of the fact the judgment is not by a Court of Appeals.
This matter has given us considerable concern and has lead to some independent investigation. In the case of Cortesi v Insurance Company, 5 Oh Ap, 109, opinion by Houck, J., with a dissenting opinion by Pollock, J., it is held that a clause which shortens the statute of limitations as to the time for bringing a suit on a contract in which such contract is incorporated, can not be enforced in face of the provisions of §11233 GC having reference to the time within which suit may be brought in cases which have failed “otherwise than on the merits.”
An interesting discussion of the matter is found in the Federal case of Lighthouser v Insurance Company, 29 Fed. Supp., 401, opinion by Kloeb, District Judge. In that case it was held that where a verdict was directed for the insurer on the ground that the property destroyed stood upon leased ground, insured failed “upon the merits” and hence the Ohio statute authorizing the commencement of the new action after the time limited had expired, “if plaintiff fails otherwise than upon the merits” did not authorize the subsequent bringing of a new action.
It will be observed that this case holds that the statute did not apply because the case was determined “upon the merits.”
In the case at bar, the separate case against the insurance company was determined upon a demurrer based upon the fact that §9510-4 GC requires a supplemental petition and that, therefore, the action based upon a separate cause of action could not be maintained. We hold that under these conditions the plaintiff “failed otherwise than upon the merits”.
No matter whether our decision is the correct one or not, the sole *43 question is whether or not it is in conflict with the case of Rackle v Western & Southern Indemnity Company, 54 Oh Ap 274.
We hold that it is not in conflict with this case and that, therefore, the appellant is not entitled to a certificate of conflict.
Application for rehearing denied and motion for certificate of conflict overruled.
GEIGER, PJ., BARNES & HORN-BECK, JJ., concur.